IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00751-RM-SKC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    $16,626.97 HELD IN BANK OF THE WEST ACCOUNT #41502683;
2.    $8,192.22 HELD IN FIRST BANK ACCOUNT #2026030437;
3.    $50,744.84 HELD IN FIRST BANK ACCOUNT #2021245699;
4.    $815.10 HELD IN FIRST BANK ACCOUNT #2021248833;
5.    $31,861.72 HELD IN FIRST BANK ACCOUNT #2021250811;
6.    $9,053.01 HELD IN WELLS FARGO BANK ACCOUNT #7269983420;
7.    $29,985.14 HELD IN WELLS FARGO BANK ACCOUNT #5378536204;
8.    $9,165.07 HELD IN WELLS FARGO BANK ACCOUNT #8112218105;
9.    $3,329.26 HELD IN WELLS FARGO BANK ACCOUNT #3427918416;
10.    $77,373.36 HELD IN KIRKPATRICK BANK ACCOUNT #2015009936;
11.    CASH VALUE OF STATE FARM INSURANCE POLICY #LF-3406-7842;
12.    $6,491.47 HELD IN WELLS FARGO BANK ACCOUNT #5562114016;
13.    $2,329.90 HELD IN JP MORGAN CHASE ACCOUNT #209158661;
14.    $2,825.48 HELD IN JP MORGAN CHASE ACCOUNT #556396807;
15.    $3,975.19 HELD IN JP MORGAN CHASE ACCOUNT #806530163;
16.    **$40,427.69 HELD IN JP MORGAN CHASE ACCOUNT #630110356;**
17.    **$114,029.82 HELD IN JP MORGAN CHASE ACCOUNT #630090699;**
18.    **$5,500.00 HELD IN CHARLES SCHWAB ACCOUNT #72221164;**
19.    $15,882.25 HELD IN CHARLES SCHWAB ACCOUNT #39014713;
20.    27115 COUNTY ROAD 13, ELIZABETH, COLORADO;
21.    4567 MIRA DEL SOL COURT, CASTLE ROCK, COLORADO;
22.    **25892 EAST 5TH PLACE, AURORA, COLORADO;**
23.    **1152 SOUTH ZENO WAY, UNIT E, AURORA, COLORADO;**
24.    **2675 SOUTH DANUBE WAY, UNIT 205, AURORA, COLORADO;**
25.    21962 EAST CRESTLINE PLACE, AURORA, COLORADO;
26.    2013 PORSCHE CAYENNE, VIN WP1AF2A22DLA22972;
27.    2009 ACURA MDX, VIN 2HNYD28239H515635;
28.    80 ASSORTED GOLD AND SILVER COINS;
29.    2014 FORD F-150 CREW CAB, VIN 1FTFW1EF8EKF55558;
30.    **2012 DODGE CHALLENGER, VIN 2C3CDYBT4CH101201;**
31.    $15,680.00 IN UNITED STATES CURRENCY; AND
32.    **2013 DODGE CHARGER, VIN 2C3CDXGJ9DH514346,**

    Defendants.

**ORDER DENYING CLAIMANT MYISHA EVANS' MOTION TO SET ASIDE FORFEITURE [ECF. #104]**

Magistrate Judge S. Kato Crews

This order addresses Claimant Myisha Evans' ("Evans") Motion for Order to Set Aside Administrative Forfeiture (the "Motion") [ECF. #104]. The Court has reviewed the Motion, Plaintiff United States of America's ("United States") response [ECF. #115], Evans' reply [ECF. #123] and the entire case file and applicable law, and has determined that oral argument would not materially assist to resolve the Motion. For the following reasons, the Motion is **DENIED**.

## PROCEDURAL HISTORY AND BACKGROUND

The United States filed its Amended Complaint for Forfeiture *In Rem* against thirty-two properties ("Defendant Properties") under 21 U.S.C. § 881. [ECF. #41 (Amended Complaint); ECF. #46 (Order for Warrant for Arrest of Property *In Rem*).] Evans is a Claimant in this matter asserting a claim over eight of the Defendant Properties. [ECF. #30 p.2; ECF. #41 p.8; ECF. #112 ¶¶ 65.]

In an administrative forfeiture proceeding, separate from the matter currently before the Court, $81,150.00 was forfeited by the Drug Enforcement Agency ("DEA") (the "DEA Forfeiture"). [ECF. #104 ¶¶2, 5.] The $81,150.00 was seized during the execution of a state search warrant by the DEA. [ECF. #115 ¶¶1-2.] Evans claims to have an interest in the $81,150.00, and now asks this Court to set aside the DEA Forfeiture pursuant to § 983(e)(1) of the Civil Asset Forfeiture Reform Act (the "Act"). [ECF. #104.]; *See* 18 U.S.C. §983(e) et. seq. The $81,150.00 is not one of the Defendant Properties before the Court in this action.

**DISCUSSION**

The Court's *in rem* jurisdiction does not extend beyond the Defendant Properties. "A civil forfeiture proceeding under § 881 is an action *in rem*." *Republic Nat. Bank of Miami v. United States*, 506 U.S. 80, 84 (1992) (citations omitted). In an *in rem* proceeding, "the court's jurisdiction does not extend beyond [the seized property]." *See United States v. Sum of $70,990,605,* 991 F. Supp. 2d 144, 149 (D.D.C. 2013); 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1070 (4th ed. 2018) ("[W]hen jurisdiction is based on property the resulting judgment can affect only the property that has been brought before the court."). Therefore, the Court's authority in this matter is limited to the Defendant Properties. [*See* ECF. #14; ECF. #47.]

Evans' requests an order form this Court setting aside the DEA Forfeiture for failure to provide proper notice in that administrative action. [*See* ECF. #104.] Section 983(e)(1) of the Act provides a remedy to "[a]ny person entitled to written notice in any nonjudicial civil forfeiture . . . who does not receive such notice" by allowing them to "file a motion to set aside a declaration of forfeiture with respect to that person's interest *in the property*." 18 U.S.C. § 983(e)(1) (emphasis added). Evans suggests that this language allows her to file a motion to set aside forfeiture in *any* civil forfeiture action. [ECF. #123 pp. 3-4.] However, the Court finds that the only reasonable interpretation of § 983 limits Evans' ability to file a motion to set aside forfeiture of any one or more of $81,150.00 from the Defendant Properties. Here, Evans seeks a determination of her interest in the DEA Forfeiture. [*See generally* ECF. #104.] That property is not before the Court in this action, and the Court has not exercised *in rem* jurisdiction over those

funds. [*See* ECF. #14; ECF. #47.] Accordingly, the Court lacks jurisdiction to adjudicate the Motion.¹ The Motion is denied.

## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Evans' Motion for Order to Set Aside Administrative Forfeiture [ECF. #104] is **DENIED** with prejudice.²

DATE: January 23, 2019.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge
District of Colorado

---

¹ The Court further questions whether it has the requisite *in personam* jurisdiction over the DEA to determine the merits of the Motion. *See United States v. Sum of $70,990,605,* 991 F. Supp. 2d 144, 149 (D.D.C. 2013) ("[T]he court's jurisdiction does not extend beyond [the seized property].") This statutory remedy requires that the Court have authority to order the DEA to set aside the DEA Forfeiture. *See, e.g., Cf. Miller v. Drug Enforcement Administration*, No. 10-1314, 2012 WL 4605225 (W.D. Tenn. 2012) (concerning a §983(e) action where the Court exercised *in personam* jurisdiction over the plaintiff and the DEA).

² It would appear, at least in this instance, that the more appropriate procedure to set aside the DEA Forfeiture is for Evans to file her motion as a separate action. *Cf. United States v. Barnhardt*, 555 F. Supp. 2d 184 (D.D.C. 2008) (transferring §983(e) motion challenging a DEA forfeiture that was filed in a criminal matter to a new and separate civil action by claimant against the United States).