IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 17-cv-00751-RM-KMT

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     **$8,192.70 HELD IN FIRST BANK ACCOUNT #2026030437;**
2.     **$50,692.95 HELD IN FIRST BANK ACCOUNT #2021245699;**
3.     **$557.10 HELD IN FIRST BANK ACCOUNT #2021248833;**
4.     **$31,821.72 HELD IN FIRST BANK ACCOUNT #2021250811;**
5.     **$71,373.36 HELD IN KIRKPATRICK BANK ACCOUNT #2015009936;**
6.     ALL FUNDS HELD IN JP MORGAN CHASE ACCOUNT #209158661;
7.     ALL FUNDS HELD IN JP MORGAN CHASE ACCOUNT #556396807;
8.     ALL FUNDS HELD IN JP MORGAN CHASE ACCOUNT #806530163;
9.     ALL FUNDS HELD IN JP MORGAN CHASE ACCOUNT #630110356;
10.    ALL FUNDS HELD IN JP MORGAN CHASE ACCOUNT #630090699;
11.    ALL FUNDS HELD IN CHARLES SCHWAB ACCOUNT #72221164;
12.    ALL FUNDS HELD IN CHARLES SCHWAB ACCOUNT #39014713;
13.    4567 MIRA DEL SOL COURT, CASTLE ROCK, COLORADO;
14.    25892 EAST 5TH PLACE, AURORA, COLORADO;
15.    1152 SOUTH ZENO WAY, UNIT E, AURORA, COLORADO;
16.    2675 SOUTH DANUBE WAY, UNIT 205, AURORA, COLORADO;
17.    21962 EAST CRESTLINE PLACE, AURORA, COLORADO;
18.    2012 DODGE CHALLENGER, VIN 2C3CDYBT4CH101201;
19.    $15,680.00 IN UNITED STATES CURRENCY; and
20.    2013 DODGE CHARGER, VIN 2C3CDXGJ9DH514346.

       Defendants.

---

## FINAL ORDER OF FORFEITURE AS TO CERTAIN DEFENDANT ASSETS

---

      THIS MATTER comes before the Court on the United States' Unopposed Motion for

Final Order of Forfeiture as to Certain Defendant Assets ("Motion") (ECF No. 176) based on a

settlement between the relevant interested parties. Upon consideration of the Motion, the court record, and the applicable statutes, rules, and case law, and being otherwise fully advised, the Court makes the following findings of fact and conclusions of law:

1. The United States commenced this civil forfeiture action pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981;

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1355;

3. All known interested parties have been provided an opportunity to respond and that publication has been effected as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (ECF Nos. 63, 64, 69, and 171);

4. Based upon the facts and verification set forth in the Second Amended Verified Complaint for Forfeiture in Rem, it appears by a preponderance of the evidence that there was reasonable cause for the seizure of Defendant Assets (as defined below), and a certificate of reasonable cause should be granted pursuant to 28 U.S.C. § 2465;

5. The facts and verifications as set forth in the Second Amended Verified Complaint for Forfeiture in Rem provide probable cause and an ample basis, by a preponderance of the evidence, for a final judgment and order of forfeiture as to Defendant Assets as to all claims asserted against them;

6. The United States and Claimants Michael Stonehouse, Elizabeth Organic Tomato Growers LLC, GDS LLC, Interactive Global Management, Michael A. Stonehouse Irrevocable Trust, Michael A. Stonehouse Living Trust, Stone Casa LLC, the Stonehouse Foundation, Guadalupe DelCarmen Stonehouse, and Guadalupe D. Stonehouse Living Trust have reached an

agreement through an Addendum to Settlement Agreement resolving their respective claims and interests to the following defendant assets ("Defendant Assets"):

    a.     $8,192.70 held in First Bank account #2026030437;

    b.     $50,692.95 held in First Bank account #2021245699;

    c.     $557.10 held in First Bank account #2021248833;

    d.     $31,821.72 held in First Bank account #2021250811; and

    e.     $71,373.36 held in Kirkpatrick Bank account #2015009936;[1]

7.     The following Defendant Assets shall be forfeited to the United States:

    a.     $8,192.70 held in First Bank account #2026030437;

    b.     $50,692.95 held in First Bank account #2021245699;

    c.     $557.10 held in First Bank account #2021248833;

    d.     $31,821.72 held in First Bank account #2021250811; and

    e.     $71,373.36 held in Kirkpatrick Bank account #2015009936;

8.     In accordance with the parties' Settlement Agreement, the parties waive any claim to costs and attorney's fees under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1;

9.     Other than the ten Claimants identified in paragraph 6 above, no other claims to the above-identified Defendant Assets have been filed;

10.     Pursuant to Fed. R. Civ. P. 54(b), a district court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay";

---

[1] The Motion also requests a final order as to defendant 4567 Mira Del Sol Court, Castle Rock, Colorado but the Court has already addressed this asset in its prior order and judgment. (ECF No.128 & 129.) Accordingly, the Court need not address this defendant here again.

11. In determining whether a Rule 54(b) certification should be entered, the Court should determine (1) that the judgment is final and (2) that there is no just reason for delay of entry of its judgment. *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016);

12. District courts should consider "whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Trujillo*, 813 F.3d at 1316 (internal brackets omitted) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980));

13. There are seven claims for relief asserted against the above-identified Defendant Assets:

   a. First Claim against defendant $8,192.70 held in First Bank account #2026030437;

   b. Second Claim against defendant $50,692.95 held in First Bank account #2021245699;

   c. Third Claim against defendant $557.10 held in First Bank account #2021248833;

   d. Fourth Claim against defendant $31,821.72 held in First Bank account #2021250811; and

   e. Fifth Claim against defendant $71,373.36 held in Kirkpatrick Bank account #2015009936;

14. Upon consideration of the relevant factors, the Court finds that the claims against the Defendant Assets are separable and distinct from the remaining claims pending against the remaining defendant assets. The entry of a final judgment will resolve fully and finally the only dispute involving the Defendant Assets. Without entry of a final judgment, the above-identified

Defendant Assets may not appeal this Order until a myriad of separable issues and claims involving other defendant assets are resolved;

15. The Court expressly concludes and determines (a) there is no just reason for delay; and (b) the judgment should be certified as a final judgment pursuant to Fed. R. Civ. P. 54(b).

16. Accordingly, all third-party interests have been resolved as to the following Defendant Assets:

    a.    $8,192.70 held in First Bank account #2026030437;

    b.    $50,692.95 held in First Bank account #2021245699;

    c.    $557.10 held in First Bank account #2021248833;

    d.    $31,821.72 held in First Bank account #2021250811; and

    e.    $71,373.36 held in Kirkpatrick Bank account #2015009936.

Based on the foregoing, it is therefore **ORDERED**:

THAT the United States' Unopposed Motion for Final Order of Forfeiture as to Certain Defendant Assets (ECF No. 176) is GRANTED;

THAT the United States shall have full and legal title to the following Defendant Assets, and may dispose of the assets in accordance with law and in accordance with the terms and provisions of the parties' Settlement Agreement and Addendum to Settlement Agreement:

    a.    $8,192.70 held in First Bank account #2026030437;

    b.    $50,692.95 held in First Bank account #2021245699;

    c.    $557.10 held in First Bank account #2021248833;

    d.    $31,821.72 held in First Bank account #2021250811; and

   e.  $71,373.36 held in Kirkpatrick Bank account #2015009936;

THAT the Clerk of the Court is directed to enter Final Judgment as to Defendant Assets pursuant to Fed. R. Civ. P. 54(b); and

THAT this Order shall service as a Certificate of Reasonable Cause as to Defendant Assets under to 28 U.S.C. § 2465.

DATED this 29th day of July, 2019.

                BY THE COURT:

                _____
                RAYMOND P. MOORE
                United States District Judge