IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No.  17-CV-00751-RM-KMT

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     $8,192.22 HELD IN FIRST BANK ACCOUNT #2026030437;
2.     $50,692.95 HELD IN FIRST BANK ACCOUNT #2021245699;
3.     $557.10 HELD IN FIRST BANK ACCOUNT #2021248833;
4.     $31,821.72 HELD IN FIRST BANK ACCOUNT #2021250811;
5.     $71,373.36 HELD IN KIRKPATRICK BANK ACCOUNT #2015009936;
6.     ALL FUNDS HELD IN JP MORGAN CHASE ACCOUNT #209158661;
7.     ALL FUNDS HELD IN JP MORGAN CHASE ACCOUNT #556396807;
8.     **ALL FUNDS HELD IN JP MORGAN CHASE ACCOUNT #806530163;**
9.     **ALL FUNDS HELD IN JP MORGAN CHASE ACCOUNT #630110356;**
10.    **ALL FUNDS HELD IN JP MORGAN CHASE ACCOUNT #630090699;**
11.    **ALL FUNDS HELD IN CHARLES SCHWAB ACCOUNT #72221164;**
12.    **ALL FUNDS HELD IN CHARLES SCHWAB ACCOUNT #39014713;**
13.    4567 MIRA DEL SOL COURT, CASTLE ROCK, COLORADO;
14.    **25892 EAST 5TH PLACE, AURORA, COLORADO;**
15.    **1152 SOUTH ZENO WAY, UNIT E, AURORA, COLORADO;**
16.    2675 SOUTH DANUBE WAY, UNIT 205, AURORA, COLORADO;
17.    21962 EAST CRESTLINE PLACE, AURORA, COLORADO;
18.    **2012 DODGE CHALLENGER, VIN 2C3CDYBT4CH101201;**
19.    $15,680.00 IN UNITED STATES CURRENCY; AND
20.    **2013 DODGE CHARGER, VIN 2C3CDXGJ9DH514346**,

       Defendants.
_____

**FINAL ORDER OF FORFEITURE AS TO CERTAIN DEFENDANT ASSETS**
_____

THIS MATTER comes before the Court on the *United States' Unopposed Motion for Final Order of Forfeiture as to Certain Defendant Assets* (ECF No. 226). The Court, having reviewed said Motion, and being otherwise fully advised, FINDS that:

1. The United States commenced this civil forfeiture action, pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981 (Doc. 1, 41).

2. The facts and verifications as set forth in the Amended Verified Complaint provide probable cause and an ample basis by a preponderance of the evidence for a final judgment and order of forfeiture as to certain defendant assets identified herein;

3. All known interested parties have been provided an opportunity to respond and that publication has been effected as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Docs. 63, 64, and 69).

4. Claimant Myisha Evans asserted her interest as to the defendant assets:

    a. $40,427.69 held in JP Morgan Chase Account #630110356;

    b. $114,029.82 held in JP Morgan Chase Account #630090699;

    c. $5,500.00 held in Charles Schwab Account #72221164;

    d. 25892 East 5th Place, Aurora, Colorado;

    e. 1152 South Zeno Way, Unit E, Aurora, Colorado;

    f. 2675 South Danube Way, Unit 205, Aurora, Colorado; and

    g. 2013 Dodge Charger, VIN 2C3CDXGJ9DH514346.

5. Claimant Vernon Watts asserted his interest as to the following defendant assets:

    a. $3,975.19 held in JP Morgan Chase Account #806530163;

    b. $114,029.82 held in JP Morgan Chase Account #630090699;

    c. $15,882.25 held in Charles Schwab Account #39014713;

    d.  1152 South Zeno Way, Unit E, Aurora, Colorado;

    e.  2675 South Danube Way, Unit 205, Aurora, Colorado;

    f.  21962 East Crestline Place, Aurora, Colorado; and

    g.  2012 Dodge Challenger, VIN 2C3CDYBT4CH101201.

  6.  No other Claim or Answer was filed as to the above-listed certain defendant assets, and the time for doing so has expired.

  7.  The United States and Claimant Vernon Watts, by and through attorney Ronald Podboy, and Claimant Myisha Evans, by and through attorney Marci G. LaBranche, have reached a settlement resolving Claimants Vernon Watts' and Myisha Evans' respective claims and interest and all issues in dispute as to the above defendant assets.

  8.  The United States agrees to return the following defendant assets to Claimant Vernon Watts:

    a.  1152 South Zeno Way, Unit E, Aurora, Colorado;

    b.  $7,000.00 of defendant all funds held in Charles Schwab Account #39014713; and

    c.  2012 Dodge Challenger, VIN 2C3CDYBT4CH101201.

  9.  The United States agrees to return the following defendant assets to Claimant Myisha Evans:

    a.  25892 East 5th Place, Aurora, Colorado;

    b.  2013 Dodge Charger, VIN 2C3CDXGJ9DH514346; and

    c.  $12,566.65 held in Charles Schwab Account #72221164.

10. The following defendant assets shall be forfeited to the United States:

    a. All funds held in JP Morgan Chase Account #806530163;

    b. All funds held in JP Morgan Chase Account #630110356;

    c. All funds held in JP Morgan Chase Account #630090699; and

    d. All remaining funds held in Charles Schwab Account #39014713.

11. In accordance with the parties' Settlement Agreement, the parties waive any claim to costs and attorney's fees under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

12. Pursuant to Fed. R. Civ. P. 54(b), a district court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay."

13. In determining whether a Rule 54(b) certification should be entered, the Court should determine (1) that the judgment is final and (2) that there is no just reason for delay of entry of its judgment. *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016).

14. District courts should consider "whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Trujillo*, 813 F.3d at 1316 (internal brackets omitted) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

15. After consideration of the relevant factors, the Court finds that the claims against the assets identified in paragraphs eight, nine, and ten above are separable and distinct from the remaining claims pending against the remaining defendant assets. The entry of a final judgment will resolve fully and finally the only dispute involving these identified assets. Without entry of a final judgment, the above-identified assets may not appeal this Order until separable issues and claims involving other defendant assets are resolved.

16. The Court expressly concludes and determines (a) there is no just reason for delay; and (b) the judgment should be certified as a final judgment pursuant to Fed. R. Civ. P. 54(b).

Based on the foregoing, it is therefore **ORDERED** that:

(1) The *United States' Unopposed Motion for Final Order of Forfeiture as to Certain Defendant Assets* (ECF No. 226) is GRANTED;

(2) That the United States shall have full and legal title to the following defendant assets, and may dispose of the assets in accordance with law and in accordance with the terms and provisions of the parties' Settlement Agreement:

    a. All funds held in JP Morgan Chase Account #806530163;

    b. All funds held in JP Morgan Chase Account #630110356;

    c. All funds held in JP Morgan Chase Account #630090699; and

    d. All funds held in Charles Schwab Account #39014713, less $7,000.00 to be returned to Claimant Vernon Watts.

(3) The Clerk of the Court is directed to enter Final Judgment; and

(4) A Certificate of Reasonable Cause, which this Order constitutes, is granted as to the defendant assets identified in paragraphs eight, nine, and ten, pursuant to 28 U.S.C. § 2465.

DATED this 6th day of April, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge